<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
<tr>
<td>ROTANN GROUP, LC<br><br>Recurrente<br><br><br>v.<br><br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE NAGUABO<br><br>Recurrida</td>
<td>TA2025AP00091</td>
<td>*Apelación*<br>*Se acoge como Revisión Judicial* procedente de la Junta de Subastas del Municipio de Naguabo<br><br>Civil Núm. Subasta Núm. 06 Serie 2024-2025:<br><br>Sobre:<br>Renglón 24: Suplido y Regado de asfalto, incluyendo limpieza de caminos, nivelación y otros</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 10 de septiembre de 2025.

Comparece ante nos Rotann Group, LLC. ("Rotann" o "recurrente") para que revisemos la *Notificación de Adjudicación de la Subasta 06 Serie 2024-2025 Renglón 24- Suplido y Regado de Asfalto, incluyendo limpieza de caminos, nivelación e imprimir con emulsión asfáltica (no menos de 2" de espesor compacto)* ("Notificación de Adjudicación") emitida el 16 de junio de 2025 y notificada el 25 de junio de 2025, por la *Junta de Subastas del Municipio de Naguabo* ("Junta de Subastas" o "recurrida"). En la cual, adjudicó a favor de PR Disposal 4 Contractor Services, Inc. ("PR Disposal") el *Renglón 24- Suplido y Regado de Asfalto incluyendo limpieza de caminos, nivelación e imprimir con emulsión asfáltica (no menos de 2" de espesor compacto)*.

Por los fundamentos que expresamos a continuación, **revocamos** la Notificación de Adjudicación recurrida.

-I-

De los *autos* ante nuestra consideración se desprende que, el **14 de abril de 2025** el *Municipio Autónomo de Naguabo* ("Municipio") publicó en el periódico *El Vocero de Puerto Rico* el *Aviso a Subasta General Subasta 06–Serie 2024-2025* para el Año Fiscal 2025–26.[1] Dicho aviso invitaba a someter propuestas para los 28 renglones hasta la fecha del **1 de mayo de 2025 a las 3:30pm**.[2] Informaba, además, que la subasta sería celebrada el **2 de mayo de 2025 a las 10:00 am**.[3] De los 28 renglones, el pertinente a nuestra controversia es el Renglón 24 *Suplido y Regado de Asfalto, incluyendo limpieza de caminos, nivelación e imprimir con emulsión asfáltica (no menos de 2" de espesor compacto)* ("Reglón 24").[4]

El **16 de mayo de 2025** se constituyó la Junta de Subastas del Municipio, cuyos miembros presentes fueron: la Sra. Brenda Casanova Ortiz (Presidenta Interina), la Sra. Rosaira Torres Díaz (Secretaria), el Sr. Luis Rivera Paris (Miembro), el Sr. Diego Meléndez Pomales (Miembro ex oficio), la Sra. María del C. García De León (Miembro Alterno) y el Sr. Rafael Cruz Alicea (Miembro Alterno).[5] De la **Notificación de Adjudicación** surge que a la subasta asistieron nueve (9) compañías licitadoras; a saber: **(1)** Puerto Rico Asphalt, **(2)** Advance General, **(3)** Rotann,[6] **(4)** PR Disposal, **(5)** Vatael Corporation, **(6)** Harry Auto Kool, **(7)** American Petroleum, **(8)** Jon Construction Inc. y **(9)** Coop. San Cristóbal.[7] Cada oferta fue abierta

---

[1] Apéndice II de la *Oposición de Recurso De Revisión Judicial*, Entrada Núm. 9 del caso *TA2025AP00091* en SUMACTA.

[2] Mediante *Nota Aclaratoria* publicada el **1 de mayo de 2025** se fijó una nueva fecha de entrega para el **15 de mayo de 2025** y la celebración de la subasta para el **16 de mayo de 2025 a las 10:00am**. Véase; Apéndice 2 de la Entrada Núm. 1 del caso *TA2025AP00091* en SUMACTA.

[3] *Íd.*

[4] *Íd.*

[5] Apéndice 2 de la Entrada Núm. 1 del caso *TA2025AP00091* en SUMACTA.

[6] Véase; Propuesta presentada por Rotann en el Apéndice 3 de la Entrada Núm. 9 del caso *TA2025AP00091* en SUMACTA.

[7] Apéndice 2 de la Entrada Núm. 1 del caso *TA2025AP00091* en SUMACTA.

y leída en presencia del público y quedó sometida para la correspondiente evaluación de la Junta de Subastas.[8]

A tono con la notificación de adjudicación de la subasta, la Junta de Subastas se constituyó nuevamente el **16 de junio de 2025**.[9] Luego de evaluar y analizar las propuestas presentadas para el **Renglón 24 de la subasta**,[10] la Junta de Subastas adjudicó a **PR Disposal** la *buena pro*, con los siguientes criterios de evaluación:

| Criterios de Evaluación | HARRY | PR ASPHALT | PR DISPOSAL | JON | ROTAN |
|---|---|---|---|---|---|
| Requisitos de Cumplimiento Obligatorio | SI | SI | SI | SI | SI |
| Propuesta Económica | MAYOR | MAYOR | MENOR | MAYOR | MENOR |

Referente a las razones para la adjudicación a PR Disposal, la Junta de Subastas señaló tres (3) razones; a saber:

> *1. Este licitador ofrece costos razonables comparados con los del mercado actualmente.*
>
> *2. En términos generales, cumplió con los términos, condiciones y especificaciones establecidos por nuestro Municipio.*
>
> *3. La Junta de Subasta entiende que esta compañía ofrece una oferta que satisface <u>todos los criterios</u> de necesidad del Municipio, con condiciones y precios razonables, además ha tenido una experiencia satisfactoria en los pasados años con el Municipio.*[11]

Con relación en **Harry Auto Kool**, **Puerto Rico Asphalt** y **Jon Construction Inc.**, la Junta de Subastas expresó que estas presentaron **costos más altos** que la compañía seleccionada.[12]

En el caso de **Rotann**, la Junta de Subastas arguyó que: ***"[a]unque presenta costos bastantes similares al seleccionado y en ocasiones más bajos, la Junta de Subasta entiende que, la compañía seleccionada, ha mantenido una experiencia satisfactoria en los pasados años con el cumplimiento de contratos con el Municipio"***.[13]

---

[8] *Íd.*

[9] *Íd.*

[10] *Íd. Renglón 24- Suplido y Regado de Asfalto, incluyendo limpieza de caminos, nivelación e imprimir con emulsión asfáltica (no menos de 2" de espesor compacto).*

[11] *Íd.*

[12] *Íd.*

[13] *Íd. Énfasis nuestro.*

En cuanto a la notificación, la Junta de Subastas envió la misma por correo certificado con acuse de recibo a las siguientes compañías:[14]

| HARRY AUTO KOOL<br>HC 1 BOX 7420<br>LUQUILLO, PR 00773<br>harryautokool@hotmail.com<br>CM: 7020 3160 0001 9614 1148 | PUERTO RICO ASPHALT<br>PO BOX 25252<br>SAN JUAN, PR 00928<br>ventas@prasphalt.com<br>CM: 7020 3160 0001 9614 1193 |
|---|---|
| JON CONSTRUCTION INC<br>P.O BOX 1302<br>NAGUABO, PR 00718<br>jonconstruction@yahoo.com<br>CM: 7020 3160 0001 9614 3068 | ROTANN GROUP, LLC<br>405 AVE, ESMERALDA SUITE 2-136<br>GUAYNABO PR 00969<br>rotanngroupllc@gmail.com<br>CM: 7020 3160 0001 9614 2443 |
| PR DISPOSAL<br>#53 AVE ESMERALDA DA PMB 019<br>GUAYNABO, PR 00969<br>prdisposalcsi@gmail.com<br>CM: 7020 3160 0001 9614 2412 | |

Inconforme con la adjudicación del Reglón 24, el **7 de julio de 2025** Rotann nos presentó una *Solicitud de Revisión Judicial*. Señaló la comisión de los siguientes tres (3) errores:

> **PRIMER ERROR:** *LA NOTIFICACI[Ó]N DE LA ADJUDICACI[Ó]N NO CONTIENE LA INFORMACI[Ó]N REQUERIDA POR LEY.*
>
> **SEGUNDO ERROR:** *LA JUNTA NO CUMPL[IÓ] CON LAS CONDICIONES DE LA SUBASTA Y ADJUDIC[Ó] USANDO UN CRITERIO IL[Í]CITO.*
>
> **TERCER ERROR:** *LA NOTIFICACI[Ó]N DE LA ADJUDICACI[Ó]N NO INCLUYE A TODOS LOS LICITADORES.*

Por su parte, el **21 de julio de 2025** comparecieron la Junta de Subastas y el Municipio mediante el escrito intitulado *"ESCRITO DE OPOSICI[Ó]N DE LA PARTE RECURRIDA JUNTA DE SUBASTA MUNICIPIO AUT[Ó]NOMO DE NAGUABO Y MUNICIPIO AUT[Ó]NOMO DE NAGUABO"*. De otro lado, PR Disposal compareció el **23 de julio de 2025** en oposición al recurso de revisión judicial.

Por lo cual, el **5 de agosto de 2025** dimos por sometido el recurso para la atención del Panel Especial.

**-II-**

**-A-**

Sabido es que los tribunales apelativos estamos llamados a conceder amplia deferencia a las agencias administrativas, pues son

---

[14] *Íd.*

estas quienes cuentan con la experiencia y el conocimiento especializado en los asuntos que les han encomendado.[15]

Dispone la Sección 4.5 de la *Ley de Procedimientos Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) que *"[l]a revisión judicial de una actuación administrativa debe limitarse a evaluar la razonabilidad de la decisión recurrida, la cual deberá ser sostenida a menos que se demuestre que es arbitraria o caprichosa".*[16] Ahora, es importante señalar que a los municipios no les aplican las disposiciones de la LPAU, ya que están expresamente excluidos de la definición de "Agencia".[17]

No obstante, un licitador o participante de una subasta formal o un *Request for Proposal* ("RFP") puede cuestionar vía revisión judicial la adjudicación de una subasta,[18] bajo el mismo principio de deferencia judicial que se les brinda a las agencias administrativas.

**-B-**

A tono con lo antes dicho, es menester recordar que el objetivo de exigir que la contratación y las obras que realiza el Gobierno se efectúen mediante el proceso de **subastas**, es *proteger los intereses y el dinero público*. A través de las subastas se protegen los intereses del pueblo, ya que procuran conseguir *los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento.*[19]

---

[15] *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___; *Moreno Lorenzo v. Departamento de la Familia*, 207 DPR 833, 839 (2021).

[16] *Cruz v. Administración*, 164 DPR 341, 355 (2005). *Véase, además,* Ley Núm. 38–2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9675.

[17] *Puerto Rico Eco Park, Inc. v. Municipio de Yauco*, 202 DPR 525, 533 (2019). *Véase, además,* 3 LPRA sec. 9603.

[18] *Puerto Rico Eco Park, Inc. v. Municipio de Yauco, supra*, págs. 532-533 citando *R & B Power v. ELA*, 170 DPR 606, 624 (2007).

[19] *Puerto Rico Eco Park, Inc. v. Municipio de Yauco, supra*, pág. 531. *Énfasis nuestro.*

Las subastas que se adjudican por una Junta de Subastas Municipal, están reguladas por el *Código Municipal de Puerto Rico* ("Código Municipal"),[20] y el *Reglamento para la Administración Municipal 2016* Núm. 8873 ("Reglamento Núm. 8873").[21] Estas normas también regulan el derecho de revisión judicial de los licitadores o participantes.[22]

En nuestro ordenamiento jurídico, queda a discreción de cada municipio, como entidad con el conocimiento especializado, aprobar un reglamento que establezca el procedimiento y las guías a seguir en sus propias subastas.[23] Sin embargo, existen unos criterios básicos que deben ser respetados.

Por lo tanto, —y como norma general— un municipio adjudicará una subasta sobre suministros de servicio, de compras o de construcción **al postor más bajo**. Esto es así puesto que, al estar de por medio el desembolso de fondos públicos, se debe promover la inversión adecuada, responsable y eficiente de los recursos económicos del Estado.[24]

Precisamente, el objetivo de las subastas es proteger el erario *"[c]onsiguiendo la construcción de obras públicas y la adquisición de servicios de calidad para el Gobierno al mejor precio posible"*.[25] La consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del Pueblo de Puerto Rico.[26] Cónsono con lo anterior, el Código Municipal dispone en su Artículo 2.040, que:

> *"[l]a Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble*

---

[20] Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001 *et seq.*
[21] *Reglamento para la Administración Municipal 2016,* Núm. 8873 de la Oficina del Comisionado de Asuntos Municipales del 19 de diciembre de 2016.
[22] *Puerto Rico Eco Park, Inc. v. Municipio de Yauco, supra*, pág. 534.
[23] *AEE v. Maxon*, 163 DPR 434, 440 (2004).
[24] *Aut. Carreteras v. CD Builders, Inc.*, 177 DPR 398, 404 (2009).
[25] *RBR Const., SE v. AC*, 149 DPR 836, 848 – 849 (1999).
[26] *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007).

*y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración entre otros".*[27]

Además, el precitado Artículo 2.040 en su inciso (a) establece los criterios de adjudicación:

> ***a. Criterios de adjudicación*** *— Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor* ***razonable más bajo****. [...] La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.*
>
> ***La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo ... si con ello se beneficia el interés público****. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación. [...].*[28]

Por otro lado, el Reglamento Núm. 8873 dispone que, como norma general de adjudicación, las subastas se adjudicarán a favor del licitador que esté respaldado por un buen historial de capacidad y cumplimiento. Además, el licitador tiene que cumplir con los siguientes requisitos:

> **(a)** *Que cumpla con los requisitos y condiciones de los pliegos de especificaciones.*
> **(b)** *Que sea la más baja en precio o que aunque no sea la más baja en precio, la calidad y/o garantías ofrecidas superan las demás ofertas o se justifique el beneficio de interés público de esa adjudicación.*
> *De adjudicarse a favor de un licitador que no haya ofrecido el costo más bajo, la Junta de Subastas deberá hacer constar por escrito las razones que justifican la adjudicación. Dicha justificación escrita deberá estar firmada por los miembros de la Junta de Subasta que la favorecieron y debe permanecer en el expediente para fines de auditoría futura.*[29]

En cuanto a la adjudicación de la **buena pro**, el Reglamento Núm. 8873 establece que la Junta tendrá que determinar las ofertas susceptibles de ser consideradas para la adjudicación, tomando como guía las normas establecidas en el Reglamento, así como en la información del *Acta de Apertura y el Informe del Recaudador.*[30]

---

[27] 21 LPRA sec. 7216.
[28] *Íd.* en el inciso (a). Énfasis nuestro.
[29] Sec. 11, Cap. VIII, Parte II, Reglamento Núm. 8873, *supra.* Énfasis nuestro.
[30] Sec. 10, Cap. VIII, Parte II, Reglamento Núm. 8873, *Íd.*

Añade el Reglamento Núm. 8873 que, *"[l]uego de hacer esa determinación preliminar, la Junta procederá a verificar en las ofertas susceptibles de ser evaluadas, cuáles han cumplido con las especificaciones y condiciones solicitadas en la subasta"*.[31]

Referente al **Aviso de Adjudicación de Subastas**, el Reglamento Núm. 8873 en la Sección 13 del Capítulo VIII dispone que:

(1) *Una vez la Junta haya seleccionado el licitador o los licitadores que obtuvieran la buena pro de la subasta, se preparará una minuta donde se hará constar las proposiciones recibidas y el otorgamiento de la subasta incluyendo todos los pormenores de la adjudicación. Los originales deberán ser conservados en un libro de actas bajo la custodia de la Junta de Subastas.*

(2) ***La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta***. *No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.*

(3) ***La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:***

    (a) ***nombre de los licitadores;***

    (b) ***síntesis de las propuestas sometidas;***

    (c) ***factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;***

    (d) ***derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;***

    (e) ***fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.***

(4) *Ante la posibilidad de alguna impugnación de una adjudicación en una subasta, no se formalizará contrato alguno hasta tanto transcurran diez (10) días contados desde el depósito en el correo de la notificación del acuerdo final o adjudicación. La anterior prohibición aplicará aún en los casos de subastas en las cuales participó un solo licitador,*

    *Transcurrido el término de los diez (10) días de la notificación o adjudicación, el municipio otorgará el contrato*

---

[31] *Íd.*

*escrito, con los requisitos de Ley aplicables y conforme el Capítulo de Contratos Municipales de este Reglamento.*[32]

Conforme a lo antes expuesto, los municipios pueden adjudicar la subasta al postor que consideren más apropiado, aun cuando no sea el más bajo, si con ello se sirve al interés público. A tenor con esa interpretación, en los casos de subastas, la revisión judicial se circunscribe a determinar si la adjudicación al licitador agraciado es razonable y se sostiene con la evidencia sustancial que obra en el expediente de subasta.[33]

**-III-**

En el presente recurso de revisión judicial, Rotann nos indica que la Junta de Subastas del Municipio de Naguabo no cumplió con el ordenamiento jurídico al adjudicar y notificar la subasta del Reglón 24. En resumen, señala que la **notificación de la subasta** no contiene la información requerida por ley; en la **adjudicación de la subasta** se utilizó criterios ilícitos; y, **no se notificó la adjudicación de la subasta a todos los licitadores** como dispone el ordenamiento jurídico.

**En primer orden**, abordemos el señalamiento de error relacionado a la falta de notificación a todos los licitadores de la adjudicación de la subasta. No tiene razón.

De la *Notificación de Adjudicación* surge que las compañías licitadoras en la subasta fueron nueve (9); a saber: saber: **(1)** Puerto Rico Asphalt, **(2)** Advance General, **(3)** Rotann,[34] **(4)** PR Disposal, **(5)** Vatael Corporation, **(6)** Harry Auto Kool, **(7)** American Petroleum, **(8)** Jon Construction Inc. y **(9)** Coop. San Cristóbal. No obstante, esta subasta se componía de veintisiete (27) renglones a licitar, por lo que fueron separadas. La subasta que nos ocupa corresponde al

---

[32] Sec. 13, Cap. VIII, Parte II, Reglamento Núm. 8873, *supra. Énfasis nuestro.*
[33] *Caribbean Communication v. Pol. de PR*, 176 DPR 978 (2009).
[34] Véase; Propuesta presentada por Rotann en el Apéndice 3 de la Entrada Núm. 9 del caso *TA2025AP00091* en SUMACTA.

*Renglón 24- Suplido y Regado de Asfalto incluyendo limpieza de caminos, nivelación e imprimir con emulsión asfáltica (no menos de 2" de espesor compacto),* y para este renglón licitaron cinco (5) licitadores, a saber: **(1)** Harry Auto Kool; **(2)** Puerto Rico Asphalt; **(3)** Jon Construction Inc.; **(4)** Rotann; y, **(5)** PR Disposal. Razón por la cual, la Junta de Subastas certificó haber enviado por correo certificado con acuse de recibo la notificación de la adjudicación de la subasta a estos cinco (5) licitadores. En consecuencia, la Junta de Subastas actuó correctamente al enviar la referida notificación a todos los licitadores que participaron en el Renglón 24 de la subasta.

**En segundo orden**, examinemos en conjunto el señalamiento de error relacionado a que la notificación de la subasta no cumplió con la información requerida por ley y se utilizaron criterios ilícitos. Tiene razón.

Un examen objetivo del contenido de la notificación de adjudicación de la subasta del Renglón 24, demuestra que esta carece de varios requisitos que impone el ordenamiento jurídico.

Primeramente, veamos la tabla de criterios de evaluación:

| Criterios de Evaluación | HARRY | PR ASPHALT | PR DISPOSAL | JON | ROTAN |
|---|---|---|---|---|---|
| Requisitos de Cumplimiento Obligatorio | SI | SI | SI | SI | SI |
| Propuesta Económica | MAYOR | MAYOR | **MENOR** | MAYOR | **MENOR** |

Conforme a los **requisitos de cumplimiento obligatorio** podemos deducir que los cinco (5) licitadores cumplieron con estos. Ahora bien, la **propuesta económica** no desglosa cantidad económica alguna en la que se pueda observar cuáles fueron los diferentes precios propuestos por cada licitador. Es decir, se limita a clasificar como **MAYOR** las propuestas económicas de Harry, PR Asphalt y Jon. La pregunta obligada es: ¿cuán mayor es una de la otra?, no se desprende de la tabla. De igual modo, ocurre con la propuesta económica de PR Disposal y Rotann al clasificarse como

**MENOR**, sin distinguir cuál de las dos (2) propuestas es la menor en comparación con la otra, y por cuánto. Nótese, que estas interrogantes resultan medulares ya que fueron las únicas dos propuestas económicas con la clasificación de MENOR y a todas luces eran los contendores finales.

Cabe señalar que, la Junta de Subastas nos anejó a su escrito en oposición la siguiente tabla comparativa de los costos desglosados de cada una de las compañías licitadoras.[35]

| NÚM | DESCRIPCIÓN | UNIDAD | COSTOS POR CONTRATISTAS | | | | |
|---|---|---|---|---|---|---|---|
| | | | JON | PR ASPHALT | PR DISPOSAL | ROTTAN | HARRY |
| | I. Impreso Regado y compactado (Black Base) | | | | | | |
| 1 | Asfalto Impreso, regado a 2-1/2 pulgadas y compactado a 2 pulgadas | TON | $ 145.00 | $ 165.00 | $ 144.00 | $ 140.00 | $ 165.00 |
| 2 | Asfalto Impreso, regado a 3-1/2 pulgadas y compactado a 3 pulgadas | TON | $ 150.00 | $ 165.00 | $ 140.00 | $ 140.00 | $ 165.00 |
| 3 | Asfalto Impreso, regado a 2-1/2 pulgadas y compactado a 2 pulgadas | M2 | $ 24.16 | $ 22.00 | $ 16.95 | $ 11.50 | $ 21.00 |
| 4 | Asfalto Impreso, regado a 3-1/2 pulgadas y compactado a 3 pulgadas | M2 | $ 27.27 | $ 33.00 | $ 20.95 | $ 13.50 | $ 26.00 |
| 5 | Brea Líquida | M2 | INCLUIDA | INCLUIDA | INCLUIDA | INCLUIDA | INCLUIDA |
| | II. SUPERFICIE: | | | | | | |
| 6 | 9+A13:A22 | TON | $ 145.00 | $ 165.00 | $ 144.00 | $ 140.00 | $ 165.00 |
| 7 | S-1 Impreso, regado y compactado a 2 pulgadas | M2 | $ 20.71 | $ 22.00 | $ 14.95 | $ 11.50 | $ 21.00 |
| | III. LEVELING: | | | | | | |
| 8 | IV-B Impreso, regado y compactado a 2 pulgadas | TON | $ 145.00 | $ 165.00 | $ 144.00 | $ 140.00 | $ 165.00 |
| 9 | IV-B Impreso, regado y compactado a 2 pulgadas | M2 | $ 20.71 | $ 22.00 | $ 14.95 | $ 11.50 | $ 21.00 |
| | IV. LIMPIEZA: | | | | | | |
| 10 | Limpieza de orilla ambos lados | ML | $ 8.00 | $ 10.00 | $ 1.00 | $ 1.00 | $ 5.00 |
| | V. REPARACIONES: | | | | | | |
| 11 | Remoción y reparación de gatas | M3 | $ 200.00 | $ 100.00 | $ 29.00 | $ 15.00 | $ 30.00 |
| 12 | Suplir y Aplicación de mogolla compactada | M3 | $ 60.00 | $ 120.00 | $ 30.00 | $ 44.00 | $ 50.00 |
| 13 | Corte con Máquina (para junta) | PL | $ 100.00 | $ 10.00 | $ 1.00 | $ 0.90 | $ 7.00 |
| | Nivelación tapa de registro (manhole) | | | | | | |
| 14 | Anilla c/u | EACH | $ 200.00 | $ 800.00 | $ 300.00 | $ 190.00 | $ 500.00 |
| 15 | Hormigón c/u | CY3 | $ 500.00 | NO BID | $ 300.00 | $ 190.00 | $ 800.00 |
| | VI. Escarificación (Cold Milling) | | | | | | |
| 16 | Escarificación asfalto existente de calles (Capa de 2") | M2 | $ 45.00 | $ 5.00 | $ 5.00 | $ 3.00 | $ 40.00 |
| 17 | Escarificación asfalto existente de calles (multiples capas) | M3 | $ 50.00 | $ 80.00 | $ 20.00 | $ 40.00 | $ 100.00 |
| | VII. Thermoplastic Pavment Marking Mix / STD specs (Mezcla termoplástica para marcado de pavimentos) | | | | | | |
| 18 | Thermoplastic plastic Pavement Marking Stripes, White or Yellow | ML | $ 12.00 | $ 15.00 | $ 9.95 | $ 9.00 | $ 9.00 |
| 19 | Performed Plastic Pavement Marking Stripes, White or Yellow | ML | $ 12.00 | $ 20.00 | $ 5.00 | $ 25.00 | $ 4.00 |
| 20 | Performed Plastic Pavement Marking symbols and Letter, White | ML | $ 25.00 | NB | $ 5.00 | $ 25.00 | $ 4.00 |
| 21 | Removal of Pavement Marking | ML | $ 25.00 | $ 10.00 | $ 5.00 | $ 4.00 | $ 5.00 |
| 22 | Thermoplastic Plastic Pavement Marking symbols and Letter, White | EACH | $ 200.00 | $ 700.00 | $ 250.00 | $ 150.00 | $ 350.00 |
| | VIII. Pavement Raised Marker (Ojo Gato/Reflectores) | | | | | | |
| 23 | White- Reflective Raised Pavement Marking (Blanco) | EACH | $ 4.00 | $ 18.00 | $ 9.00 | $ 7.00 | $ 10.00 |
| 24 | Yellow-Reflective Raised Pavement Marking (Amarillo) | EACH | $ 4.00 | $ 18.00 | $ 9.00 | $ 7.00 | $ 10.00 |

Pese a que dicha tabla no fue parte de la notificación de adjudicación, al examinar el contenido de ésta, podemos observar que Rotann presentó costos menores a PR Disposal. A manera de ejemplo: en 17 de 24 incisos Rotann sometió costos más bajos; en 2 incisos ambas compañías contaban con costos iguales y en 4 incisos PR Disposal presentó costos más bajos que Rotann. Al realizar el

---

[35] Anejo titulado *Tabla comparativa* del *ESCRITO DE OPOSICION DE LA PARTE RECURRIDA JUNTA DE SUBASTA MUNICIPIO AUTONOMO DE NAGUABO Y MUNICIPIO AUTONOMO DE NAGUABO* sometido el **21 de julio de 2025**.

cómputo de los costos totales, Rotann muestra una suma total de **$1,318.90** versus los **$1,618.75** de PR Disposal.

Contrario a PR Asphalt, Jon Construction Inc. y Harry Auto Kool cuyos altos costos fue la razón para no adjudicarles la subasta, Rotann presentó **costos más bajos** que PR Disposal. En palabras sencillas, **Rotann fue el licitador con el precio más bajo**. Esta información no se desprende de la notificación de adjudicación emitida por la Junta de Subastas.

Ahora bien, la Junta de Subastas emitió tres razones para adjudicarle la subasta a PR Disposal; a saber:

> *1. Este licitador ofrece costos razonables comparados con los del mercado actualmente.*
> *2. En términos generales, cumplió con los términos, condiciones y especificaciones establecidos por nuestro Municipio.*
> *3. La Junta de Subasta entiende que esta compañía ofrece una oferta que satisface <u>todos los criterios</u> de necesidad del Municipio, con condiciones y precios razonables, además ha tenido una experiencia satisfactoria en los pasados años con el Municipio.*

No obstante, si le aplicamos los mismos criterios a Rotann, encontramos que en la primera razón, este supera a PR Disposal ya que ofreció costos razonables comparables en el mercado actual **y el costo más bajo de todos los licitadores**. En la segunda razón, ambos licitadores cumplen con este; y en la tercera, la única diferencia es que Rotann no ha tenido experiencia con el Municipio. De hecho, ese fue el único criterio —**historial de cumplimiento satisfactorio**— por el cual Rotann no se le adjudicó la *buena pro* de la subasta en el Renglón 24. En específico, la Junta de Subastas señaló que: *"[a]unque presenta costos bastantes similares al seleccionado y en ocasiones más bajos, la Junta de Subasta entiende que, la compañía seleccionada, ha mantenido una experiencia satisfactoria en los pasados años con el cumplimiento de contratos con el Municipio"*.[36] Nótese, que el criterio de **historial de**

---

[36] Apéndice 2 de la Entrada Núm. 1 del caso *TA2025AP00091* en SUMACTA.

**cumplimiento satisfactorio** obra en las **conclusiones de derecho**
de la **notificación de adjudicación de la subasta** emitida por la
Junta de Subastas, en el acápite núm. 4, inciso c, se expone:

> El Reglamento para la Administración Municipal define lo
> que es un postor o licitador responsable como aquel que:
>
> a. Tiene recursos financieros adecuados para cumplir su
>    obligación o la habilidad de obtener tales recursos.
> b. Es capaz de cumplir con los términos requeridos o
>    propuestos de entrega, según estipulados o requeridos.
> c. **Tiene un historial de cumplimiento satisfactorio.**
> d. Tiene un historial satisfactorio de integridad y ética
>    comercial.
> e. Tiene la organización, experiencia, contabilidad y controles
>    operacionales y destrezas técnicas necesarias para cumplir
>    sus obligaciones.
> f. Tiene equipo técnico y facilidades necesarias, o la habilidad
>    de obtener tal equipo y facilidades.
> g. Está de otra forma cualificado y sea elegible para recibir una
>    adjudicación de conformidad con las leyes y reglamentos
>    aplicables.

Sin embargo, dicho **historial de cumplimiento satisfactorio**
únicamente se le aplicó a PR Disposal, ya que la Junta de Subastas
**nada indicó** (positivo ni negativo) sobre el historial de cumplimiento
de Rotann. Lo razonable sería que la Junta de Subastas hubiese
evaluado el historial de cumplimiento de Rotann para determinar si
era o no satisfactorio. No lo hizo. Tal acción es una arbitraria e
irrazonable. Tampoco se puede argüir que PR Disposal es el único
postor que le ha brindado servicios al Municipio para justificar la no
adjudicación de la subasta a Rotann; máxime, cuando este fue el
postor más bajo en precio.

Todavía más, **al resultar Rotann el postor más bajo en la
subasta**, la Junta de Subastas venía obligada a hacer constar los
beneficios al interés público que justificaran la adjudicación de PR
Disposal, aún, cuando no era el postor más bajo. Tampoco lo hizo.

Sabido es que la Junta de Subastas no tiene la obligación de
escoger el postor más bajo, siempre y cuando haga constar el
beneficio de interés público con dicha selección. Sin embargo, la
Junta de Subastas **no cumplió con ello, ni reconoció que Rotann
era el postor más bajo**. A lo sumo, la Junta se limitó a utilizar la

experiencia satisfactoria de PR Disposal, sin verificar o comparar la experiencia de Rotann en el cumplimiento de los contratos. Ello resulta en una acción arbitraria y caprichosa.

En fin, la razón esbozada por la Junta Subastas **no establece en qué beneficia la selección de PR Disposal al interés público**, por lo que la notificación recurrida no cumple con el ordenamiento jurídico.

Por todo lo antes expuesto, determinamos que la notificación de adjudicación a favor de PR Disposal como el postor agraciado de esta subasta no es razonable, y a todas luces, resulta en una acción arbitraria y caprichosa que no cumple con el ordenamiento jurídico. Por lo cual, procede que **revoquemos** la *Notificación de Adjudicación* recurrida, emitida por la Junta de Subastas del Municipio de Naguabo.

**-IV-**

Por los fundamentos que anteceden, **revocamos** la *Notificación de Adjudicación de la Subasta 06 Serie 2024-2025 Renglón 24- Suplido y Regado de Asfalto, incluyendo limpieza de caminos, nivelación e imprimir con emulsión asfáltica (no menos de 2" de espesor compacto).*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones